[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13181
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20026-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CELESTINO RAMIREZ-HERNANDEZ,
a.k.a. Leonel Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 10, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Celestino Ramirez-Hernandez appeals his sentence of 70 months of imprisonment for reentering the United States illegally. 8 U.S.C. § 1326(a), (b)(2). Ramirez-Hernandez argues that his prior conviction for statutory rape did not qualify as a crime of violence and his sentence is unreasonable. We affirm.

The district court correctly determined that Ramirez-Hernandez's prior conviction in a Georgia court for statutory rape constituted a crime of violence. A defendant is subject to a 16-point increase in his offense level if he previously has been deported after being convicted of a "crime of violence." United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2009). "Statutory rape" is considered a "crime of violence" under section 2L1.2, id. § 2L1.2 cmt. n.1(B)(iii), and Ramirez-Hernadez admitted at sentencing that his prior conviction was equivalent to the generic offense listed in the Guidelines. Ramirez-Hernandez argues that his crime did not involve the type of physical force required to qualify as a crime of violence, but "[i]t is well settled that a felony conviction for an enumerated offense qualifies as a 'crime of violence' under § 2L1.2, whether or not the use of physical force is an element of the crime." United States v. Palomino Garcia, 606 F.3d 1317, 1327 (11th Cir. 2010); see also U.S.S.G. App. C, amend. 722 (Enumerated offenses "are always classified as 'crimes of violence,'

regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Ramirez-Hernandez's sentence is both procedurally and substantively reasonable. The district court correctly calculated Ramirez-Hernandez's advisory guideline range and imposed a sentence at the bottom of the guideline range after considering the "presentence report which contains the advisory guidelines[] and the statutory factors." Ramirez-Hernandez argues that the district court failed to take into account his "own unique circumstances," but the district court stated that it had considered Ramirez-Hernandez's "statements" in fashioning an appropriate sentence. The district court reasonably determined that a sentence of 70 months of imprisonment was required to punish Ramirez-Hernandez for reentering the United States illegally and to deter similar future conduct. The district court did not abuse its discretion.

Ramirez-Hernandez's sentence is **AFFIRMED**.